ORIGINAL

1  THOMAS E. FRANKOVICH,
   **A Professional Law Corporation**
2  THOMAS E. FRANKOVICH (State Bar No. 074414)
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiff                    E-filing
   CRAIG YATES, an individual
6

7              **UNITED STATES DISTRICT COURT**

8              **NORTHERN DISTRICT OF CALIFORNIA**

9

10 CRAIG YATES, an individual,          )   **CV 10      0009**
                                        )   CASE NO.
11        Plaintiff,                     )   **Civil Rights**
                                        )
12                                       )   **COMPLAINT FOR INJUNCTIVE RELIEF**
   v.                                    )   **AND DAMAGES:**
13                                       )
                                        )   **1st CAUSE OF ACTION:** For Denial of Access
14 FU ZHOU SUPER BUFFET; NCCBG LP, a)   by a Public Accommodation in Violation of the
   California Limited Partnership; and FU )   Americans with Disabilities Act of 1990 (42
15 ZHOU CORPORATION, a California       )   U.S.C. §12101, *et seq.*)
   Corporation dba FU ZHOU SUPER        )
16 BUFFET,                              )   **2nd CAUSE OF ACTION:** For Denial of Full
                                        )   and Equal Access in Violation of California
17        Defendants.                    )   Civil Code §§54, 54.1 and 54.3
                                        )
18 _____ )   **3rd CAUSE OF ACTION:** For Denial of
                                            Accessible Sanitary Facilities in Violation of
19                                          California Health & Safety Code §19955, *et seq.*

20                                          **4th CAUSE OF ACTION:** For Denial of
                                            Access to Full and Equal Accommodations,
21                                          Advantages, Facilities, Privileges and/or
                                            Services in Violation of California Civil Code
22                                          §51, *et seq.* (The Unruh Civil Rights Act)

23

24                                          **DEMAND FOR JURY**

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   Plaintiff CRAIG YATES, an individual, complains of defendants NCCBG LP, a

2   California Limited Partnership; and FU ZHOU CORPORATION, a California Corporation dba

3   FU ZHOU SUPER BUFFET and alleges as follows:

4   **INTRODUCTION:**

5   1.   This is a civil rights action for discrimination against persons with physical

6   disabilities, of which class plaintiff CRAIG YATES and the disability community are members,

7   for failure to remove architectural barriers structural in nature at defendants' FU ZHOU SUPER

8   BUFFET, a place of public accommodation, thereby discriminatorily denying plaintiff and the

9   class of other similarly situated persons with physical disabilities access to, the full and equal

10  enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and

11  accommodations thereof.  Plaintiff seeks injunctive relief and damages pursuant to the

12  Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51,

13  51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

14  2.   Plaintiff CRAIG YATES is a person with physical disabilities who, on or about

15  April 18, 2009, September 29, 2009, October 8, 2009 and December 14, 2009, was an invitee,

16  guest, patron, customer at defendants' FU ZHOU SUPER BUFFET, in the City of Novato,

17  California.  At said times and place, defendants failed to provide proper legal access to the buffet,

18  which is a "public accommodation" and/or a "public facility" including, but not limited to

19  parking, entrance, men's restroom, women's restroom.  The denial of access was in violation of

20  both federal and California legal requirements, and plaintiff CRAIG YATES suffered violation

21  of his civil rights to full and equal access, and was embarrassed and humiliated.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**JURISDICTION AND VENUE:**

3.     **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4.     **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 6090 Redwood Boulevard, Suite H, in the City of Novato, County of Marin, State of California, and that plaintiff's causes of action arose in this county.

**PARTIES:**

5.     Plaintiff CRAIG YATES is a "physically handicapped person," a "physically disabled person,"  and a "person with physical disabilities" (hereinafter the terms "physically disabled," "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff CRAIG YATES is a "person with physical disabilities," as defined by all applicable California and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

6.      Defendants NCCBG LP a California Limited Partnership; FU ZHOU SUPER BUFFET; and FU ZHOU CORPORATION, a California Corporation dba FU ZHOU SUPER BUFFET (hereinafter alternatively collectively referred to as "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners, lessors and/or lessees, of the public accommodation known as FU ZHOU SUPER BUFFET, located at/near 6090 Redwood Boulevard, Suite H, Novato California, or of the building and/or buildings which constitute said public accommodation.

7.      At all times relevant to this complaint, defendants NCCBG LP a California Limited Partnership; and FU ZHOU CORPORATION, a California Corporation dba FU ZHOU SUPER BUFFET, own and operate in joint venture the subject FU ZHOU SUPER BUFFET as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.*, Health and Safety code §19955, *et seq.*, and the ADA, 42 U.S.C. §12101, *et seq.*

8.      At all times relevant to this complaint, defendants NCCBG LP a California Limited Partnership; and FU ZHOU CORPORATION, a California Corporation dba FU ZHOU SUPER BUFFET are jointly and severally responsible to identify and remove architectural barriers at the subject FU ZHOU SUPER BUFFET pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in pertinent part:

> **§ 36.201      General**
>
> (b) *Landlord and tenant responsibilities.* Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part.  As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.
>
> 28 CFR §36.201(b)

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**PRELIMINARY FACTUAL ALLEGATIONS:**

9.      The FU ZHOU SUPER BUFFET, is a restaurant, located at/near 6090 Redwood Boulevard, Suite H, Novato, California.  The FU ZHOU SUPER BUFFET, its parking, entrance, men's restroom and women's restroom, and its other facilities are each a "place of public accommodation or facility" subject to the barrier removal requirements of the Americans with Disabilities Act.  On information and belief, each such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions," each of which has subjected the FU ZHOU SUPER BUFFET and each of its facilities, its parking, entrance, men's restroom, women's restroom to disability access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

10.      On or about July 2008, defendants and each of them purchased and/or took possessory control of the premises now known as FU ZHOU SUPER BUFFET.  At all times prior thereto, defendants' and each of them were aware of their obligation prior to the close of escrow, or upon taking possessory interest that public accommodations had a duty to identify and remove architectural barriers and were aware that the Super Buffet was not accessible to the disabled.  Nevertheless, defendants and each of them, operated the Super Buffet as though it was accessible.

11.      At all times stated herein, defendants' and each of them with the knowledge that each of them had a continuing obligation to identify and remove architectural barriers where it was readily achievable to do so, failed to adopt a transition plan to provide better and/or compliant access to the subject accommodation.

12.      At all times referred to herein and continuing to the present time, defendants, and each of them, advertised, publicized and held out the FU ZHOU SUPER BUFFET as being handicapped accessible and handicapped usable.

13.      On or about April 18, 2009, September 29, 2009, October 8, 2009 and December 14, 2009, plaintiff CRAIG YATES was an invitee and guest at the subject FU ZHOU SUPER BUFFET, for purposes of food and drinks.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14.     On or about April 18, 2009, plaintiff CRAIG YATES drove into the parking lot. The parking stall(s) appeared to be newly striped but the van accessible stall for the disabled was not correctly done as the access aisle was too narrow.

15.     At said time and place, plaintiff CRAIG YATES wheeled to the entrance and struggled with one (1) of the double doors due to excessive door pressure.

16.     At said time and place, plaintiff CRAIG YATES entered the restaurant, secured his food and needed to use an accessible restroom.

17.     At said time and place, plaintiff CRAIG YATES attempted to use the men's restroom and found the door pressure to be extremely excessive. Plaintiff CRAIG YATES stressed and strained himself opening the restroom door.

18.     At said time and place, plaintiff CRAIG YATES once inside the restroom encountered a stall which was too small and did not allow him to have any privacy. Plaintiff was unable to close the stall door. Upon trying to exit, plaintiff CRAIG YATES encountered a lavatory enclosed in a tiled pedestal which prevented him from washing his hands.

19.     At said time and place, plaintiff CRAIG YATES also had to struggle to exit the restroom, because the tiled pedestal blocked the strike side clearance at the door.

20.     Plaintiff CRAIG YATES also noted that the locking mechanism to the restroom was non-compliant and non-usable.

21.     On or about September 29, 2009, plaintiff CRAIG YATES returned to FU ZHOU SUPER BUFFET. Plaintiff CRAIG YATES encountered all the same barriers as stated herein.

22.     Plaintiff CRAIG YATES was informed and believes that the women's restroom was also non complying.

23.     On or about October 2, 2009, plaintiff CRAIG YATES wrote both the landlord and the tenant about the access issues and provided a check list of what should be fixed and two (2) sources from which they could secure information to do the fix properly. Plaintiff CRAIG YATES never received a response.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   24.     On or about October 8, 2009, plaintiff CRAIG YATES returned to FU ZHOU

2   SUPER BUFFET. Plaintiff CRAIG YATES encountered all the same barriers as previously

3   stated herein.

4   25.     On this occasion, plaintiff CRAIG YATES went to the register counter and

5   summoned the manager to show him the problems in the men's restroom. Plaintiff CRAIG

6   YATES wheeled to the men's restroom. The manager followed him to the men's restroom and

7   opened the door for plaintiff CRAIG YATES. Plaintiff CRAIG YATES entered and the door

8   shut behind him. The manager walked off. Plaintiff CRAIG YATES struggled with the door to

9   exit. Plaintiff CRAIG YATES returned to where the manager was located. The manager was on

10  his cellular phone. And even though plaintiff CRAIG YATES interrupted the manager, the only

11  thing the manager did was summon a waiter, who then went with plaintiff CRAIG YATES back

12  to the men's restroom. Plaintiff CRAIG YATES explained the problems in the men's restroom

13  and the waiter acknowledged that he understood plaintiff's concerns.

14  26.     On or about December 14, 2009, plaintiff CRAIG YATES returned to FU ZHOU

15  SUPER BUFFET for take-out and to determine if any remedial work had been done. Plaintiff

16  CRAIG YATES encountered all of the same barriers as stated herein.

17  27.     On this occasion, when plaintiff CRAIG YATES entered the men's restroom,

18  plaintiff CRAIG YATES noticed that defendants installed tiles on the metal wings of the stall.

19  Plaintiff CRAIG YATES struggled to exit the men's restroom due to lack of strike side

20  clearance.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

28.     Therefore, at said times and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject FU ZHOU SUPER BUFFET which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

a.      lack of the requisite number of regular disabled parking stall(s);

b.      lack of disabled van accessible parking stall(s);

c.      lack of an accessible entrance due to excessive door pressure;

d.      lack of a handicapped-accessible women's public restroom;

e.      lack of a handicapped-accessible men's public restroom; and

f.      On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

29.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

30.     On or about October 2, 2009, defendant(s) were sent two (2) letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances.  Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.  Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

31.    At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.  Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury.

32.    As a legal result of defendants NCCBG LP a California Limited Partnership; and FU ZHOU CORPORATION, a California Corporation dba FU ZHOU SUPER BUFFET's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered the damages as alleged herein.

33.    As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES suffered a loss of his  civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered bodily injury on or about April 18, 2009, September 29, 2009, October 8, 2009 and December 14, 2009, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendants negligence in the design, construction and maintenance of the existing door pressure to the men's restroom, plaintiff suffered continuous, repetitive and cumulative trauma to his right upper extremity while attempting to exit the restroom.

///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    34.    Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,

2  mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,

3  embarrassment, anger, disappointment and worry, expectedly and naturally associated with a

4  person with physical disabilities being denied access, all to his damages as prayed hereinafter in

5  an amount within the jurisdiction of this court.  No claim is being made for mental and emotional

6  distress over and above that usually associated with the discrimination and physical injuries

7  claimed, and no expert testimony regarding this usual mental and emotional distress will be

8  presented at trial in support of the claim for damages.

9    35.    Defendants', and each of their, failure to remove the architectural barriers

10  complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public

11  accommodation, and continues to create continuous and repeated exposure to substantially the

12  same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

13    36.    Plaintiff CRAIG YATES was denied his rights to equal access to a public facility

14  by defendants NCCBG LP a California Limited Partnership; and FU ZHOU CORPORATION, a

15  California Corporation dba FU ZHOU SUPER BUFFET, because defendants NCCBG LP a

16  California Limited Partnership; and FU ZHOU CORPORATION, a California Corporation dba

17  FU ZHOU SUPER BUFFET maintained a restaurant without access for persons with physical

18  disabilities to its facilities, including but not limited to parking, entrance, men's restroom,

19  women's restroom and other public areas as stated herein, and continue to the date of filing this

20  complaint to deny equal access to plaintiff and other persons with physical disabilities in these and

21  other ways.

22    37.    On information and belief, construction alterations carried out by defendants have

23  also triggered access requirements under both California law and the Americans with Disabilities

24  Act of 1990.

25    38.    Plaintiff, as described hereinbelow, seeks injunctive relief to require the FU ZHOU

26  SUPER BUFFET to be made accessible to meet the requirements of both California law and the

27  Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants

28  operate the Super Buffet as a public facility.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

39.   Plaintiff seeks damages for violation of their civil rights on April 18, 2009, September 29, 2009, October 8, 2009 and December 14, 2009 and seeks statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff CRAIG YATES from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

40.   On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

41.   Because of defendants' violations, plaintiff and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein.  Plaintiff seeks an order from this court compelling defendants to make the Super Buffet accessible to persons with disabilities.

42.   On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.

///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  The acts and omission of defendants, and each of them, in failing to provide the required

2  accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied

3  malice toward plaintiff, and despicable conduct carried out by defendants, and each of them, with

4  a willful and conscious disregard for the rights and safety of plaintiff and other similarly situated

5  persons, and justify a trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to

6  make a more profound example of defendants, and each of them, to other operators and landlords

7  of other restaurant and other public facilities, and to punish defendants and to carry out the

8  purposes of the Civil Code §§ 51, 51.5 and 54.

9       43.    Plaintiff is informed and believes and therefore alleges that defendants NCCBG LP

10  a California Limited Partnership; and FU ZHOU CORPORATION, a California Corporation dba

11  FU ZHOU SUPER BUFFET, and each of them, caused the subject building(s) which constitute

12  the FU ZHOU SUPER BUFFET to be constructed, altered and maintained in such a manner that

13  persons with physical disabilities were denied full and equal access to, within and throughout said

14  building(s) of the Super Buffet and were denied full and equal use of said public facilities.

15  Furthermore, on information and belief, defendants have continued to maintain and operate said

16  buffet and/or its building(s) in such conditions up to the present time, despite actual and

17  constructive notice to such defendants that the configuration of the subject buffet and/or its

18  building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff

19  CRAIG YATES, and other members of the disability community. Such construction,

20  modification, ownership, operation, maintenance and practices of such public facilities are in

21  violation of Civil Code §§51, 51.5 and 54, Health and Safety Code §19955, and the ADA, 42

22  U.S.C. §12101, *et seq.*

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

44.     On personal knowledge, information and belief, the basis of defendants' actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the Super Buffet and/or building(s) was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, plaintiff CRAIG YATES himself, owners of other restaurants, hotels, motels and businesses, notices they obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by these defendants, newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990 and other access laws, public service announcements by former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants' failure, under state and federal law, to make the FU ZHOU SUPER BUFFET accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiff and other persons with physical disabilities to the FU ZHOU SUPER BUFFET. Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiff and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon. Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint. Said conduct, with knowledge of the effect it was and is having on plaintiff and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiff and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

///

///

///

1    45.    Plaintiff CRAIG YATES and the disability community, consisting of persons with

2 disabilities, would, could and will return to the subject public accommodation when it is made

3 accessible to persons with disabilities.

4 **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
       ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

5 **     DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
       (On behalf of Plaintiff CRAIG YATES, an individual and Against Defendants NCCBG

6      LP, a California Limited Partnership; and FU ZHOU CORPORATION, a California
       Corporation dba FU ZHOU SUPER BUFFET, inclusive)

7      (42 U.S.C. §12101, *et seq.*)

8    46.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

9 the allegations contained in paragraphs 1 through 45 of this complaint.

10    47.    Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

11 §12101 regarding persons with physical disabilities, finding that laws were needed to more fully

12 protect:

13        some 43 million Americans with one or more physical or mental
          disabilities; [that] historically society has tended to isolate and

14        segregate individuals with disabilities; [that] such forms of
          discrimination against individuals with disabilities continue to be a

15        serious and pervasive social problem; [that] the nation's proper
          goals regarding individuals with disabilities are to assure equality of

16        opportunity, full participation, independent living and economic
          self-sufficiency for such individuals; [and that] the continuing

17        existence of unfair and unnecessary discrimination and prejudice
          denies people with disabilities the opportunity to compete on an

18        equal basis and to pursue those opportunities for which our free
          society is justifiably famous.

19

20    48.    Congress stated as its purpose in passing the Americans with Disabilities Act of

21 1990 (42 U.S.C. §12102):

22        It is the purpose of this act (1) to provide a clear and comprehensive
          national mandate for the elimination of discrimination against

23        individuals with disabilities; (2) to provide clear, strong, consistent,
          enforceable standards addressing discrimination against individuals

24        with disabilities; (3) to ensure that the Federal government plays a
          central role in enforcing the standards established in this act on

25        behalf of individuals with disabilities; and (4) to invoke the sweep
          of Congressional authority, including the power to enforce the 14th

26        Amendment and to regulate commerce, in order to address the
          major areas of discrimination faced day to day by people with

27 ///   disabilities.

28 ///

49.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*).  Among the public accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
>
> ---
>
> (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

50.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

51.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)   a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    52.    The removal of the barriers complained of by plaintiff as hereinabove alleged was

2  at all times after January 26, 1992 "readily achievable" as to the subject building(s) of FU ZHOU

3  SUPER BUFFET pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if

4  the removal of all the barriers complained of herein together was not "readily achievable," the

5  removal of each individual barrier complained of herein was "readily achievable." On

6  information and belief, defendants' failure to remove said barriers was likewise due to

7  discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182

8  (b)(2)(A)(i)and (ii).

9    53.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily

10  accomplishable and able to be carried out without much difficulty or expense." The statute

11  defines relative "expense" in part in relation to the total financial resources of the entities

12  involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that

13  plaintiff complains of herein were and are "readily achievable" by the defendants under the

14  standards set forth under §301(9) of the Americans with Disabilities Act. Furthermore, if it was

15  not "readily achievable" for defendants to remove each of such barriers, defendants have failed to

16  make the required services available through alternative methods which were readily achievable.

17    54.    On information and belief, construction work on, and modifications of, the subject

18  building(s) of FU ZHOU SUPER BUFFET occurred after the compliance date for the Americans

19  with Disabilities Act, January 26, 1992, independently triggering access requirements under Title

20  III of the ADA.

21    55.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*

22  *seq.*, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights

23  Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on the basis

24  of disability in violation of this title or have reasonable grounds for believing that plaintiff is about

25  to be subjected to discrimination in violation of §302. Plaintiff is deterred from returning to or

26  making use of the public facilities complained of herein so long as the premises and defendants'

27  policies bar full and equal use by persons with physical disabilities.

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

56.     42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions." Pursuant to this section, plaintiff CRAIG YATES has not returned to defendants' premises since on or about December 14, 2009, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiff and of other persons with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

57.     Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

## II.     SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants NCCBG LP, a California Limited Partnership; and FU ZHOU CORPORATION, a California Corporation dba FU ZHOU SUPER BUFFET, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

58.     Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 57 of this complaint.

59.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

///

///

60.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

61.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

62.     Plaintiff CRAIG YATES is a person within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiff has been and continue to be denied full and equal access to defendants' FU ZHOU SUPER BUFFET.

///

///

///

///

///

///

1    As a legal result, plaintiff is entitled to seek damages pursuant to a court or jury determination, in

2    accordance with California Civil Code §54.3(a) for each day on which he visited or have been

3    deterred from visiting the Super Buffet because of his knowledge and belief that the Super Buffet

4    is inaccessible to persons with disabilities.  California Civil Code §54.3(a) provides:

5                     Any person or persons, firm or corporation, who denies or interferes
                       with admittance to or enjoyment of the public facilities as specified

6                     in Sections 54 and 54.1 or otherwise interferes with the rights of an
                     individual with a disability under Sections 54, 54.1 and 54.2 is

7                     liable for each offense for the actual damages and any amount as
                     may be determined by a jury, or the court sitting without a jury, up

8                     to a maximum of three times the amount of actual damages but in
                     no case less than . . .one thousand dollars ($1,000) and . . .

9                     attorney's fees as may be determined by the court in addition
                     thereto, suffered by any person denied any of the rights provided in

10                    Sections 54, 54.1 and 54.2.

11                    Civil Code §54.3(a)

12    63.    On or about April 18, 2009, September 29, 2009, October 8, 2009 and

13    December 14, 2009, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in

14    that plaintiff CRAIG YATES was denied access to parking, entrance, men's restroom, women's

15    restroom and other public facilities as stated herein at the FU ZHOU SUPER BUFFET and on the

16    basis that plaintiff CRAIG YATES was a person with physical disabilities.

17    64.    As a result of the denial of equal access to defendants' facilities due to the acts and

18    omissions of defendants, and each of them, in owning, operating and maintaining these subject

19    public facilities, plaintiff suffered violations of plaintiff's civil rights, including but not limited to

20    rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical

21    discomfort, bodily injury on or about April 18, 2009, September 29, 2009, October 8, 2009 and

22    December 14, 2009, including, but not limited to, fatigue, stress, strain and pain in wheeling and

23    attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.

24     Specifically, as a legal result of defendants negligence in the design, construction and

25    maintenance of the existing door pressure to the men's restroom, plaintiff suffered continuous,

26    repetitive and cumulative trauma to his right upper extremity while attempting to exit the

27    restroom.

28    ///

1    65.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental

2  anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment

3  and worry, all of which are expectedly and naturally associated with a denial of access to a person

4  with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and

5  omissions to act constituted discrimination against plaintiff on the sole basis that plaintiff is a

6  person or an entity that represents persons with physical disabilities and unable, because of the

7  architectural barriers created and maintained by the defendants in violation of the subject laws, to

8  use the public facilities hereinabove described on a full and equal basis as other persons.

9    66.    Plaintiff has been damaged by defendants', and each of their, wrongful conduct and

10  seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiff's rights

11  as a person or an entity that represents persons with physical disabilities on or about

12  April 18, 2009, September 29, 2009, October 8, 2009 and December 14, 2009, and on a

13  continuing basis since then, including statutory damages, a trebling of all of actual damages,

14  general and special damages available pursuant to §54.3 of the Civil Code according to proof.

15    67.    As a result of defendants', and each of their, acts and omissions in this regard,

16  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce

17  plaintiff's rights and enforce the provisions of the law protecting access for persons with physical

18  disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to

19  the provisions of Civil Code §54.3, plaintiff therefore will seek recovery in this lawsuit for all

20  reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally,

21  plaintiff's lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to

22  compel the defendants to make their facilities accessible to all members of the public with

23  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

24  the provisions of §1021.5 of the Code of Civil Procedure.

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY
FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.*
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants NCCBG
LP, a California Limited Partnership; and FU ZHOU CORPORATION, a California
Corporation dba FU ZHOU SUPER BUFFET, inclusive)
(Health & Safety Code §19955, *et seq.*)**

68.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

the allegations contained in paragraphs 1 through 67 of this complaint.

69.    Health & Safety Code §19955 provides in pertinent part:

> The purpose of this part is to insure that public accommodations or
> facilities constructed in this state with private funds adhere to the
> provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
> of Title 1 of the Government Code.  For the purposes of this part
> "public accommodation or facilities" means a building, structure,
> facility, complex, or improved area which is used by the general
> public and shall include auditoriums, hospitals, theaters, restaurants,
> hotels, motels, stadiums, and convention centers.  When sanitary
> facilities are made available for the public, clients or employees in
> such accommodations or facilities, they shall be made available for
> the handicapped.

70.    Health & Safety Code §19956, which appears in the same chapter as §19955,

provides in pertinent part, "accommodations constructed in this state shall conform to the

provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

Code . . . ."  Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

public accommodations constructed or altered after that date.  On information and belief, portions

of the FU ZHOU SUPER BUFFET and/or of the building(s) were constructed and/or altered after

July 1, 1970, and substantial portions of the subject restaurant and/or the building(s) had

alterations, structural repairs, and/or additions made to such public accommodations after July 1,

1970, thereby requiring said restaurant and/or building to be subject to the requirements of Part

5.5, §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or

additions per Health & Safety Code §19959.

///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    71.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

2  Architect promulgated regulations for the enforcement of these provisions. Effective July 1,

3  1982, Title 24 of the California Building Standards Code adopted the California State Architect's

4  Regulations and these regulations must be complied with as to any alterations and/or

5  modifications of FU ZHOU SUPER BUFFET and/or the building(s) occurring after that date.

6  Construction changes occurring prior to this date but after July 1, 1970 triggered access

7  requirements pursuant to the "ASA" requirements, the American Standards Association

8  Specifications, A117.1-1961.  On information and belief, at the time of the construction and

9  modification of said building, all buildings and facilities covered were required to conform to

10  each of the standards and specifications described in the American Standards Association

11  Specifications and/or those contained in Title 24 of the California Building Standards Code.

12    72.    Restaurants such as the FU ZHOU SUPER BUFFET are "public accommodations

13  or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

14    73.    As a result of the actions and failure to act of defendants, and as a result of the

15  failure to provide proper and legally handicapped-accessible public facilities, plaintiff was denied

16  plaintiff's rights to full and equal access to public facilities and suffered a loss of plaintiff's civil

17  rights and plaintiff's rights as a person with physical disabilities to full and equal access to public

18  facilities.

19    74.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

20  plaintiff has been required to incur legal expenses and hire attorneys in order to enforce plaintiff's

21  civil rights and enforce provisions of the law protecting access for the persons with physical

22  disabilities and prohibiting discrimination against the persons with physical disabilities, and to

23  take such action both in plaintiff's own interests and in order to enforce an important right

24  affecting the public interest.  Plaintiff, therefore, seeks in this lawsuit the recovery of all

25  reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

26  §1021.5.  Plaintiff additionally seeks attorneys' fees pursuant to Health & Safety Code §19953

27  and Civil Code §§54.3 and/or in the alternative, plaintiff will seek attorneys' fees, costs and

28  litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   Plaintiff will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

2       75.     Plaintiff seeks injunctive relief for an order compelling defendants, and each of

3   them, to make the subject place of public accommodation readily accessible to and usable by

4   persons with disabilities.

5   **IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
        EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES
6       AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
        SEO.* (THE UNRUH CIVIL RIGHTS ACT)**
7       (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants NCCBG
        LP, a California Limited Partnership; and FU ZHOU CORPORATION, a California
8       Corporation dba FU ZHOU SUPER BUFFET, inclusive)
        (Civil Code §51, 51.5)

9

10      76.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein,

    the allegations contained in paragraphs 1 through 75 of this complaint.

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    77.    Defendants' actions and omissions and failure to act as a reasonable and prudent

2  public accommodation in identifying, removing and/or creating architectural barriers, policies,

3  practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

4  Unruh Act provides:

5            This section shall be known, and may be cited, as the Unruh
             Civil Rights Act.
6
             All persons within the jurisdiction of this state are free and
7            equal, and no matter what their sex, race, color, religion, ancestry,
             national origin, or **disability** are entitled to the full and equal
8            accommodations, advantages, facilities, privileges, or services in all
             business establishments of every kind whatsoever.
9
             This section shall not be construed to confer any right or
10           privilege on a person that is conditioned or limited by law or that is
             applicable alike to persons of every sex, color, race, religion,
11           ancestry, national origin, or **disability.**

12           Nothing in this section shall be construed to require any
             construction, alteration, repair, structural or otherwise, or
13           modification of any sort whatsoever, beyond that construction,
             alteration, repair, or modification that is otherwise required by other
14           provisions of law, to any new or existing establishment, facility,
             building, improvement, or any other structure . . . nor shall anything
15           in this section be construed to augment, restrict, or alter in any way
             the authority of the State Architect to require construction,
16           alteration, repair, or modifications that the State Architect otherwise
             possesses pursuant to other . . . laws.
17
             A violation of the right of any individual under the
18           Americans with Disabilities Act of 1990 (Public Law 101-336) shall
             also constitute a violation of this section.
19

20  As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

21  "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the

22  failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

23  failing to act to identify and remove barriers can be construed as a "negligent per se" act of

24  defendants, and each of them.

25  ///

26  ///

27  ///

28  ///

78. The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.
>
> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.
>
> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

79. Defendants' acts and omissions as specified have denied to the plaintiff full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Plaintiff accordingly incorporates the entirety of his above cause of action for violation of the Americans with Disabilities Act at §46, *et seq.*, as if repled herein.

///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    80.    As a further legal result of the actions and failure to act of defendants, and as a

2    legal result of the failure to provide proper handicapped-accessible public facilities as set forth

3    herein, plaintiff was denied his civil rights to full and equal access to public facilities. Plaintiff

4    CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical

5    disabilities to full and equal access to public facilities, and further suffered bodily injury on or

6    about April 18, 2009, September 29, 2009, October 8, 2009 and December 14, 2009, including,

7    but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring

8    up, on, down, to, over, around and through architectural barriers.   Specifically, as a legal result of

9    defendants negligence in the design, construction and maintenance of the existing door pressure to

10   the men's restroom, plaintiff suffered continuous, repetitive and cumulative trauma to his right

11   upper extremity while attempting to exit the restroom.

12    81.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering,

13    mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,

14   disappointment and worry, all of which are expectedly and naturally associated with a denial of

15   access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.

16   Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole

17   basis that plaintiff is a person or an entity that represents persons with physical disabilities and

18   unable, because of the architectural barriers created and maintained by the defendants in violation

19   of the subject laws, to use the public facilities hereinabove described on a full and equal basis as

20   other persons.

21    82.    Plaintiff CRAIG YATES is entitled to the rights and remedies of §52(a)

22    of the Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to

23   mean "special and general damages"), as well as to reasonable attorneys' fees and costs, as is

24   allowed by statute, according to proof if deemed to be the prevailing party.

25   ///

26   ///

27   ///

28   ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  **PRAYER:**

2       Plaintiff prays that this court award damages and provide relief as follows:

3  **I.**    **PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A**
       **PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
4         **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
       (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants NCCBG
5         LP, a California Limited Partnership; and FU ZHOU CORPORATION, a California
       Corporation dba FU ZHOU SUPER BUFFET, inclusive)
6         (42 U.S.C. §12101, *et seq.*)

7       1.    For injunctive relief, compelling defendants NCCBG LP a California Limited

8  Partnership; and FU ZHOU CORPORATION, a California Corporation dba FU ZHOU SUPER

9  BUFFET, inclusive, to make the FU ZHOU SUPER BUFFET, located at 6090 Redwood

10  Boulevard, Suite H, Novato, California, readily accessible to and usable by individuals with

11  disabilities, per 42 U.S.C §12181, *et seq.*, and to make reasonable modifications in policies,

12  practice, eligibility criteria and procedures so as to afford full access to the goods, services,

13  facilities, privileges, advantages and accommodations being offered.

14       2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the

15  prevailing party; and

16       3.    For such other and further relief as the court may deem proper.

17  **II.**   **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND**
       **EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**
18         **AND 54.3, *ET SEQ.***
       (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants NCCBG
19         LP, a California Limited Partnership; and FU ZHOU CORPORATION, a California
       Corporation dba FU ZHOU SUPER BUFFET, inclusive)
20         (California Civil Code §§54, 54.1, 54.3, *et seq.*)

21       1.    For injunctive relief, compelling defendants NCCBG LP a California Limited

22  Partnership; and FU ZHOU CORPORATION, a California Corporation dba FU ZHOU SUPER

23  BUFFET, inclusive, to make the FU ZHOU SUPER BUFFET, located at 6090 Redwood

24  Boulevard, Suite H, Novato, California, readily accessible to and usable by individuals with

25  disabilities, per state law.

26       2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

27  each occasion on which plaintiff was deterred from returning to the subject public

28  accommodation.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1      3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

2  if plaintiffs are deemed the prevailing party;

3      4.      Treble damages pursuant to Civil Code §54.3;

4      5.      General damages according to proof;

5      6.      For all costs of suit;

6      7.      Prejudgment interest pursuant to Civil Code §3291; and

7      8.      Such other and further relief as the court may deem just and proper.

8  **III.    PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE
          SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE
9          §19955, *ET. SEO.***
          (On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants NCCBG
10        LP, a California Limited Partnership; and FU ZHOU CORPORATION, a California
          Corporation dba FU ZHOU SUPER BUFFET, inclusive)
11        (Health & Safety code §19955, *et seq.*)

12     1.      For injunctive relief, compelling defendants NCCBG LP a California Limited

13  Partnership; and FU ZHOU CORPORATION, a California Corporation dba FU ZHOU SUPER

14  BUFFET, inclusive, to make the FU ZHOU SUPER BUFFET, located at 6090 Redwood

15  Boulevard, Suite H, Novato, California, readily accessible to and usable by individuals with

16  disabilities, per state law.

17     2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

18  alternatively, Health & Safety Code §19953, if plaintiff is deemed the prevailing party;

19     3.      For all costs of suit;

20     4.      For prejudgment interest pursuant to Civil Code §3291;

21     5.      Such other and further relief as the court may deem just and proper.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

IV.  **PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff CRAIG YATES, an individual and Against Defendants NCCBG LP a California Limited Partnership; and FU ZHOU CORPORATION, a California Corporation dba FU ZHOU SUPER BUFFET, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiff was deterred from returning to the subject public accommodation;

2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiff is deemed the prevailing party;

3.      General damages according to proof;

4.      Treble damages pursuant to Civil Code §52(a);

5.      For all costs of suit;

6.      Prejudgment interest pursuant to Civil Code §3291; and

7.      Such other and further relief as the court may deem just and proper.

Dated: _____, 2009      THOMAS E. FRANKOVICH,
                                   *A PROFESSIONAL LAW CORPORATION*


                        By: _____
                                   THOMAS E. FRANKOVICH
                                   Attorneys for Plaintiff CRAIG YATES, an individual

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: _____, 2009      THOMAS E. FRANKOVICH,
                                   *A PROFESSIONAL LAW CORPORATION*


                        By: _____
                                   THOMAS E. FRANKOVICH
                                   Attorneys for Plaintiff CRAIG YATES, an individual

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

# EXHIBIT A

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

October 2, 2009

Manager
Super Buffet
6090 Redwood Blvd., Suite H.
Novato, CA 94945

Dear Manager of Super Buffet:

Recently, I have been to Super Buffet. The food is quite good and the prices are very affordable. This is all good.

There are a couple of problems that maybe you are not aware of. You see I use a wheelchair and while it looks like the men's restroom is accessible, it has many problems.

Here is a list of them so you can go and check them yourself:

One, The stall door opens into the stall for the disabled and you can't close it. Two, the stall is an old styled stall and it's too small. Three, if you are in a wheelchair, you can't use the sink because the legs on the sink. Those tiled things block the wheelchair from pulling under the counter. Four, the sink blocks the angle needed to easily open the door. Five, this is probably the same for the women's or can I use the women's?

Also, the door pressure coming in through the double doors is really hard to open. Please adjust it down.

Last, the disabled parking stalls look new. Fresh paint, right? But, whoever painted them did some of them wrong. There needs to be van accessible stalls that have a space next to the disabled space that is 8 feet wide with diagonal lines painted to keep cars off.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. The Super Buffet is certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Super Buffet once it's accessible to me. I may still come back before you do the work just because the food is good and reasonably priced. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

October 2, 2009

Owner of the Building
Super Buffet
6090 Redwood Blvd., Suite H.
Novato, CA 94945

Dear Owner of the Building for Super Buffet:

Recently, I have been to Super Buffet. The food is quite good and the prices are very affordable. This is all good.

There are a couple of problems that maybe you are not aware of. You see I use a wheelchair and while it looks like the men's restroom is accessible, it has many problems.

Here is a list of them so you can go and check them yourself:

One, The stall door opens into the stall for the disabled and you can't close it. Two, the stall is an old styled stall and it's too small. Three, if you are in a wheelchair, you can't use the sink because the legs on the sink. Those tiled things block the wheelchair from pulling under the counter. Four, the sink blocks the angle needed to easily open the door. Five, this is probably the same for the women's or can I use the women's?

Also, the door pressure coming in through the double doors is really hard to open. Please adjust it down.

Last, the disabled parking stalls look new. Fresh paint, right? But, whoever painted them did some of them wrong. There needs to be van accessible stalls that have a space next to the disabled space that is 8 feet wide with diagonal lines painted to keep cars off.

I thought the landlord and the tenant should know about this. That's why I wrote this identical letter to both of you. It's like letting the right hand know what the left hand is doing! If you both put your hands and heads together, I know the two of you can fix this problem.

There is something that I want to tell each of you and if you care to, I'd like you to tell me what you think. The Americans with Disabilities Act of 1990 was passed 20 years ago. During that time, places like yours were to be made accessible. The Super Buffet is certainly more than 20 years old, right? The landlord owns the place and rents it to tenants or maybe you've been the only tenant. The landlords past and present have gotten 20 years of rent, right? So, why with all that money aren't things made right? Can you explain it to me? I would really like your take on this. What am I missing here?

Anyway, I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Super Buffet once it's accessible to me. I may still come back before you do the work just because the food is good and reasonably priced. If there is some problem doing this, please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

It takes a little time to be able to get helpful information, so I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the Department of Justice at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned. You should talk to your accountant about it. Maybe your accountant already has this information or knows about it.

So, if you do the work there are many benefits: Disabled people will have access to the same goods and services as the non-disabled, that's called equality. You get a tax credit which is a help to you while at the same time fulfilling your responsibility to provide access, that's good. Access will be good for business. People with disabilities prefer accessible places to spend their money in, that's good. So, I hope you see all the benefits.

Thank you for considering my request.

Sincerely,

Craig Yates